IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. BEVERLY LINDSAY, | : | |
| | : | |
| Plaintiff, | : | No. 4:06-CV-01826 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| THE PENNSYLVANIA STATE UNIVERSITY, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

March 11, 2009

**Background**

On September 18, 2006, plaintiff Dr. Beverly Lindsay instituted this civil action against defendant, the Pennsylvania State University ("Penn State"). In her complaint, plaintiff alleges violations of Title VII of the Civil Rights Act of 1964 (Count I), the Americans with Disabilities Act ("ADA") (Count II), Title IX of the Education Amendments Act of 1972 (Count III), hostile work environment (Count IV), and breach of contract (Count V).

The parties have filed cross-motions for summary judgment which have been disposed of by Orders of this same date. (Rec. Doc. Nos. 126 and 131).

The parties also have nine other motions outstanding. (Rec. Doc. Nos. 121,

135, 169, 184, 188, 196, 198, 208).

Defendant filed a 'Motion for Leave to Request Inspection of Plaintiff's Home Office <u>Nunc</u> <u>Pro</u> <u>Tunc</u>.' (Rec. Doc. No. 121). Because this motion was filed in anticipation of trial, we deferred resolution until after disposition of the pending cross-motions for summary judgment. Because this motion is now moot, we will deny it without prejudice.

Defendant also filed a 'Motion to Strike Plaintiff's Motion for Summary Judgment and Statement of Material Facts.' (Rec. Doc. No. 135). Defendant moved to strike these two documents because the standard of review contained in plaintiff's motion for summary judgment is incorrect and because plaintiff's statement of material facts fails to adequately cite to the record. With regard to plaintiff's motion for summary judgment, we presume that plaintiff's assertion that the facts should be viewed 'in the light most favorable to the moving party' is a typo, and see no reason to strike her motion for summary judgment because of that obvious misstatement. We used the correct standard of review in our Order. With regard to plaintiff's statement of material facts, we are well aware that it is replete with unsupported factual assertions; thus we have considered only those facts that comply with Middle District Local Rule 56.1. We see no reason to confuse the record further by striking portions of plaintiff's statement of material facts. We

will deny both of these motions.

Several motions to strike portions of affidavits have been filed by both plaintiff and defendant. (Rec. Doc. Nos. 169, 184, 196, and 208). We did not rely on any portions of the affidavits which do not comply with Fed. R. Civ. P. 56(e)(1) in our resolution of the summary judgment motions. There is no reason to confuse the record further by striking portions of the affidavits; we will deny all four motions.

Plaintiff also filed a 'Motion for Leave to Amend Paragraphs 72, 116, 119, 122 and 126 of Plaintiff's Response to Defendant's Statement of Material Facts and Paragraph 4 of the Affidavit Attached Thereto.' (Rec. Doc. No. 188). The same day she filed her motion, before this court could rule on her leave to amend, plaintiff filed her amended document. (Rec. Doc. No. 189). The changes plaintiff makes had no impact on our disposition of the case. Regardless, we will allow the amendment.

Plaintiff also filed a 'Motion to Disqualify John A. Snyder, Esquire as Counsel for Defendant.' (Rec. Doc. No. 198). Plaintiff moved to have Attorney Snyder disqualified for acting as a witness, because he filed an affidavit to authenticate certain of defendant's exhibits as true and correct copies of such. (Rec. Doc. No. 181-21). We disagree with plaintiff's position. Snyder is not

acting as a witness in this case, as he presents no substantive evidence related to any of plaintiffs claims. Snyder merely is attesting that certain exhibits filed in support of defendant's summary judgment motion were produced or generated during the course of litigation. We will deny plaintiff's disqualification motion.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. BEVERLY LINDSAY, | : | |
| | : | |
| Plaintiff, | : | No. 4:06-CV-01826 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| THE PENNSYLVANIA STATE UNIVERSITY, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

March 11, 2009

For the reasons set forth in the accompanying Memorandum,

**IT IS ORDERED THAT:**

1.     Defendant's 'Motion for Leave to Request Inspection of Plaintiff's Home Office <u>Nunc</u> <u>Pro</u> <u>Tunc</u>' is DENIED without prejudice as moot.  (Rec. Doc. No. 121).

2.     Defendant's 'Motion to Strike Plaintiff's Motion for Summary Judgment and Statement of Material Facts' is DENIED.  (Rec. Doc. No. 135).

3.     Defendant's 'Motion to Strike Portions of Harper and Quaye Affidavits Submitted in Support of Plaintiff's Motion for Summary Judgment,' Defendant's 'Motion to Strike Portions of Lindsay Affidavit Submitted with

5

Plaintiff's Response to Defendant's Statement of Material Facts,' Plaintiff's 'Motion to Strike Portions of Twelve Affidavits Submitted by Defendant in Support of Defendant's Motion for Summary Judgment,' and Defendant's 'Motion to Strike Lindsay Affidavit Filed in Support of Plaintiff's Reply Brief to Strike Portions of Defendant's Twelve Affidavits Submitted in Support of Defendant's Motion for Summary Judgment' are DENIED.  (Rec. Doc. Nos. 169, 184, 196, and 208).

4.	Plaintiff's 'Motion for Leave to Amend Paragraphs 72, 116, 119, 122 and 126 of Plaintiff's Response to Defendant's Statement of Material Facts and Paragraph 4 of the Affidavit Attached Thereto' is GRANTED.  (Rec. Doc. No. 188).

5.	Plaintiff's 'Motion to Disqualify John A. Snyder, Esquire as Counsel for Defendant' is DENIED.  (Rec. Doc. No. 198).

   s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge